**KENTUCKY BAR ASSOCIATION, Appellant,**

v.

**Stephen P. BASINGER, Appellee.**

**No. 2002–SC–0882–KB.**

Supreme Court of Kentucky.

Feb. 20, 2003.

Bruce K. Davis, Executive Director, Kara Leanne Daniel, Bar Counsel, Kentucky Bar Association, Frankfort, Counsel for Appellant.

Stephen P. Basinger, California, Counsel for Appellee.

## OPINION AND ORDER

The Kentucky Bar Association brought this action against Respondent, Stephen Paul Basinger, for alleged professional misconduct committed in a real estate transaction. Respondent tendered no response, and the KBA Board of Governors found him guilty of the charged misconduct. Pursuant to SCR 3.370(10), which governs default cases, this Court hereby adopts the decision of the of the Board of Governors.

Respondent was admitted to the practice of law in the Commonwealth on May 1, 1991. His last known address is P.O. Box 8, California, Kentucky, 41007. On May 6, 2002, Respondent was charged with violating Rule 3.130–8.3(c)., which states, "It is professional misconduct for a lawyer to: engage in conduct involving dishonesty, fraud, deceit, or misrepresentation."

The conduct giving rise to this charge occurred as follows. In May 1995, Virginia Lee Cordova and her husband entered into a land contract for the purchase of a house and property in Alexandria, Kentucky from Respondent and his wife, Deborah Basinger.[1] The purchase price of the property was $18,000, with $4,000 as a down payment and the balance to be financed by the sellers over a period of twenty years with monthly payments of $135.11.

The Cordovas filed bankruptcy on January 15, 1996, and they divorced in December 1996. Ms. Cordova reaffirmed the land contract with the Basingers on February 24, 1997 and continued to make monthly payments under the contract. Also, Ms. Cordova had understood that Respondent would record the land contract, yet he did not do so despite her repeated requests. Respondent also failed to pay property taxes for which Ms. Cordova had given him money.

In May 1998, Respondent asked Ms. Cordova if she would exchange a piece of the property in question for one owned by neighbors Clarence and Gale Gaskins to complete a sixty acre contiguous tract for development. Ms. Cordova refused. Thereafter, without Ms. Cordova's knowledge, Respondent sold or traded a part of the tract to the Gaskins' in August 1998.

Consequently, Ms. Cordova filed a civil action in Campbell County Circuit Court on September 28, 2001 against the Basingers and other defendants to quiet her title, to record the land contract in question, and for damages. Respondent and his wife could not be served in the civil action, and a motion for a Warning Order Attorney was filed by Ms. Cordova's attorney.

The Board of Governors found that by conveying a part of Ms. Cordova's property to Mr. and Ms. Gaskins when Respondent knew that the property did not belong to him and his wife or corporation, and by accepting funds for the payment of

[1.] The house and property in question had been held in the name of a corporation, Heaven Can Wait, Inc., of which Respondent was the President and initial Director. The corporation was dissolved for failure to file its annual report.

taxes and then failing to pay taxes, Respondent engaged in conduct involving dishonesty, fraud, deceit, and misrepresentation in violation of SCR 3.130–8.3(c). In light of this finding and Respondent's prior disciplinary sanctions of a public reprimand[2] and a two year and sixty day suspension,[3] the Board recommended a two year suspension to follow the expiration of the current suspension

Upon the foregoing facts and charges, it is hereby ordered that the decision of the Board of Governors be adopted. It is further ordered that:

1. Respondent, Stephen Paul Basinger, be suspended from the practice of law for two years for his professional misconduct. The suspension shall commence on September 20, 2003, the concluding date of his prior two year suspension ordered by this Court on September 20, 2001. The suspension shall continue until he is reinstated to the practice of law by order of this Court pursuant to SCR 3.510.

2. Respondent, Stephen Paul Basinger, is directed to pay costs of this action in accordance with SCR 3.450, said sum being $104.37, and for which execution may issue from this Court upon finality of this Opinion and Order.

3. In accordance with SCR 3.390, if he has not already done so, Respondent, Stephen Paul Basinger, shall within ten (10) days of the entry of this Opinion and Order notify all his clients of his inability to represent them and furnish copies of said letters of notice to the Director of the Kentucky Bar Association. He shall also provide such notification to all courts in which he has matters pending.

All concur.

2. May 18, 2000.

ENTERED: February 20, 2003.

/s/ Joseph E. Lambert
Chief Justice